UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISRAEL OTERO and PURA RODRIGUEZ,

        Plaintiffs,

v.                                 Case No: 6:21-cv-118-PGB-DCI

NEWREZ, LLC, BANK OF NEW YORK MELLON, TROMBERG MORRIS & POULIN PLLC, ANDREA R. TROMBERG, BOB P. LEBLANC, LISA T. MUNYON, CHAD K. ALVARO, RICHARD B. ORFINGER, JAY B. COHEN, FREDERIC RAND WALLIS and VINCENT FALCONE, III ,

        Defendants.
_____/

## ORDER

This cause is before the Court on the following filings:

1. Motion to Dismiss Amended Complaint by Andrea Tromberg and Tromberg Morris & Poulin PLLC (the "**Law Firm**") (Doc. 51);

2. Motion to Dismiss Amended Complaint by the Bank of New York Mellon ("**BONYM**") and NewRez LLC, d/b/a Shellpoint Mortgage Servicing ("**Shellpoint**") (Doc. 52);

3. Motion to Dismiss by Judicial Defendants (Doc. 66);

4. Plaintiffs' Responses in Opposition (Docs. 62, 64, 74); and

5. The Mandate of the Eleventh Circuit Court of Appeals (Doc. 80).

I.      **PROCEDURAL HISTORY**

Plaintiffs, who are proceeding pro se, initially filed a complaint with this Court against a mortgage company, a bank, a law firm, an attorney, and six Florida state court judges (collectively, the "**Defendants**") on January 25, 2021. (Doc. 1 (the "**complaint**")). On May 4, 2021, the Court *sua sponte* dismissed the complaint as an impermissible shotgun pleading; the Court gave the Plaintiffs leave to file an amended complaint. (Doc. 39). On May 24, 2021, Plaintiffs filed an amended complaint naming each of the Defendants and one additional Florida state court judge. (Doc. 46 (the "**amended complaint**")). Plaintiffs allege five (5) causes of action against the Defendants in various combinations: Count I (Fraud), Count II (FDCPA), Count III (§ 1983 Due Process) (Judicial Defendants), Count IV (§ 1983 Access to Courts) (subset of Judicial Defendants), and Count V (Intentional Infliction of Emotional Distress) (everyone). (*Id.*).

Faced with renewed litigation initiated by the Plaintiffs in federal court, the Defendants filed their respective motions to dismiss. (Docs. 51, 52, 66). The Magistrate Judge considered the motions to dismiss filed by the non-judicial defendants and recommended dismissal of the Plaintiffs' claims as barred by the *Rooker-Feldman* doctrine. (Doc. 65). The Judicial Defendants submitted their motion to dismiss after the Report and Recommendation was entered; the Plaintiffs responded, and the undersigned adopted the Magistrate's recommendation and dismissed the case. (Doc. 76). On appeal, the Eleventh Circuit correctly found the Magistrate Judge and this Court incorrectly applied the

2

*Rooker-Feldman* doctrine as it was construed before the Court's decision in *Behr v. Campbell*, 8 F.4th 1206, 1209–10 (11th Cir. 2021). (Doc. 79, p. 5). That is, this Court erred by not employing *Rooker-Feldman* on a claim-by-claim basis instead of the expansive approach rejected in *Behr*. (*Id.* at p. 6). The Circuit Court found none of the Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine because they seek damages for issues collateral to the final judgment of foreclosure. (*Id.*). Accordingly, the *Rooker-Feldman* doctrine will not be addressed in this Order.

The Eleventh Circuit also found this Court erred by dismissing the fraud claims without prejudice. (*Id.* at p. 3). As the Circuit noted, "[a]n action for fraud must be brought within four years under Florida law. Fla. Stat. § 95.11(3)(j)." (*Id.*). The Circuit found "the amended complaint makes clear that, in 2014, Appellants knew of the alleged fraud concerning Rodriquez's absence at a hearing and were aware that [BONYM] was named trustee in the state foreclosure action." (*Id.*). Since it was apparent from the face of the complaint that the statute of limitations bars the fraud claim, the Circuit Court found this Court erred by not dismissing that claim with prejudice. (*Id.* at pp. 3–4). The Eleventh Circuit vacated the Court's Order and remanded with instructions for the Court to consider the Defendants' remaining arguments. (*Id.* at p. 8).

II.  **DISCUSSION**

To understand the claims raised by the Plaintiffs, one must possess a working knowledge of the foreclosure action commenced in state court which predates this federal case. Plaintiffs were sued in state court for failing to pay their

3

mortgage, and a final judgment of foreclosure was eventually entered against Plaintiffs. (Doc. 51, pp. 2–3 (citing Orange County Circuit Court Case No. 2014-CA-1836)). Plaintiffs moved to vacate the judgment in state court (which motion was denied); moved for rehearing on the denial (which motion was denied); and appealed the denial of the motion for rehearing (which appeal was dismissed). (*Id.* at pp. 3–4). After that appeal was dismissed, Plaintiffs moved to cancel a scheduled foreclosure sale (which motion was denied) and appealed the denial of the motion to cancel (which appeal was dismissed). (*Id.* at p. 4). Plaintiffs then filed a second motion to vacate the judgment (which motion was denied) and appealed the denial of the second motion (which denial was affirmed on appeal). (*Id.* at pp. 4–5).[1]

Additionally, the Fifth DCA issued an order to show cause why Plaintiffs should not be prohibited from filing any appeal, petition, pleading, or motion pertaining to the final judgment, unless reviewed and signed by an attorney licensed to practice in the State of Florida. (*Id.* at p. 4). After considering Plaintiffs' response, the Fifth DCA found that Plaintiffs failed to show cause why sanctions should not be imposed and subsequently barred Plaintiffs from further pro se filings in the appellate court. (*Id.* at pp. 4–5). Plaintiffs petitioned the Florida Supreme Court to review the Fifth DCA's decision dismissing the appeal; the

---

[1] Plaintiff Pura Rodriguez also filed a Suggestion of Bankruptcy the day after the state court conducted a hearing and found the Plaintiffs had failed to establish a *prima facie* showing of fraud by BONYM. (Doc. 52-1, Ex. B). The bankruptcy case was also dismissed. *Id.* Ms. Rodriguez filed a second suggestion of bankruptcy on April 7, 2016 in yet another attempt to frustrate the foreclosure sale. *Id.* The Plaintiffs' various procedural maneuvers successfully delayed the sale of the foreclosed property for five (5) years. (Doc. 52, pp. 3–11). As the Fifth District Court of Appeal noted, the Plaintiffs' tactics constituted an abuse of the judicial process.

4

Florida Supreme Court declined to accept jurisdiction. (*See id.* at p. 5). Finally, Plaintiffs filed a separate lawsuit seeking to set aside the final judgment of foreclosure. (*Id.* (citing Orange County Circuit Case No. 2020-CA-001526-O)). That lawsuit has since been dismissed. *See* Orange County Circuit Case No. 2020-CA-001526-O.

The Court will now address each cause of action asserted by the Plaintiffs and each Motion to Dismiss, as directed by the Circuit Court.

    *1.    Count I (Fraud)*

The Plaintiffs allege Defendants BONYM, Shellpoint, Andrea Tromberg, and Tromberg Morris & Poulin PLLC committed fraudulent misrepresentation during the state foreclosure action by suing on behalf of a non-existent plaintiff. (Doc. 46, p. 27). The Plaintiffs incorporate paragraphs 20 through 33 to support this claim. (*Id.*). As the Eleventh Circuit observed, "[a]n action for fraud must be brought within four years under Florida law. Fla. Stat. § 95.11(3)(j)." (Doc. 79, p. 3). "The clock on the statute of limitations for a fraud claim begins to run when 'the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" (*Id.* (quoting Fla. Stat. § 95.031(2)(a))). And so, "a district court may dismiss a complaint under Rule 12(b)(6) as time-barred only if it is apparent from the face of the complaint the applicable statute of limitations bars the claim." (*Id.* (citing *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021))).

The Circuit Court found, and this Court agrees, the amended complaint establishes the Plaintiffs knew of the alleged fraud as early as February 20, 2014. (*Id.*; *see also* Doc. 46, ¶ 20). That is, the Plaintiffs allege BONYM made a fraudulent representation at the September 10, 2014 hearing. (Doc. 46, ¶ 21). And the Plaintiffs claim Attorney Tromberg, and her firm, colluded with BONYM from the beginning. (*Id.* ¶ 22). Accordingly, the Plaintiffs' fraud claim (Count I) is barred by the statute of limitations and is dismissed with prejudice.

### 2. Count II (FDCPA)

The Plaintiffs assert that Defendants Andrea Tromberg, Tromberg Morris & Poulin PLLC, and Shellpoint violated the Fair Debt Collection Practices Act ("**FDCPA**"). (*Id.* at p. 28). The Plaintiffs rely on paragraphs 24 through 33 to support this claim. (*Id.*). Under the FDCPA, a plaintiff must commence suit "within one year from the date on which the violation occurs." *Marfut v. Gardens of Gulf Cov Poa, Inc.*, No. 2:17-CV-595-FTM-38CM, 2018 WL 1806587, at *2 (M.D. Fla. Apr. 17, 2018). In response, the Defendants argue the FDCPA claim is barred by the statute of limitations. (Doc. 51, p. 12; Doc. 52, pp. 20–21).

The amended complaint alleges that Andrea Tromberg sat "at the top of the collection law firm hierarchy, [and] on January 2014, she submitted for recording the December 10, 2013 fraudulent Assignment of Mortgage" at the core of the foreclosure proceeding. (Doc. 46, ¶ 24). The Plaintiffs further plead that "[o]n February 20, 2014, under Tromberg's supervision, attorney Maya Rubinov filed the (void at initio) complaint of foreclosure in the name of the non-existent trust."

6

(*Id.* ¶ 26). Finally, the Plaintiffs claim Defendant Shellpoint violated the FDCPA in a letter dated January 21, 2016, regarding the mortgage loan default. (*Id.* ¶ 30). Even employing the latter date of January 21, 2016, the Plaintiffs had to commence the FDCPA action no later than January 22, 2017. For these reasons, the FDCPA claim asserted in Count II is barred by the statute of limitations and is dismissed with prejudice.

### 3. *Count III (§ 1983 Due Process)*

Next the Plaintiffs allege Judges LeBlanc, Orfinger, Cohen, Wallis, Munyon, Alvaro, and Falcone (the "**Judicial Defendants**") violated 42 U.S.C. § 1983 by tolerating the fraud perpetrated by the other Defendants, allowing the foreclosure to proceed in the name of a non-existent plaintiff, and entering final judgment without Plaintiff Rodriguez's knowledge and consent. (*Id.* at pp. 28–29). The Plaintiffs rely on the factual allegations found in paragraphs 34 through 59 of the amended complaint. (*Id.* ¶ 66).

The Judicial Defendants assert absolute and qualified immunity as a bar to the Plaintiffs' claims. (Doc. 66, pp. 7–12). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Williams v. Alabama*, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.*

7

(quoting *Bolin*, 225 F.3d at 1234). The test for determining whether a judge's action was made while "acting in his [or her] judicial capacity" depends on these factors:

    (1)    [whether] the act complained of constituted a normal judicial function;

    (2)    [whether] the events occurred in the judge's chambers or in open court;

    (3)    [whether] the controversy involved a case pending before the judge; and

    (4)    [whether] the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Id.* (quoting *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "[T]he district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint."[2] *Id.*

The Plaintiffs contend Judge LeBlanc deprived them of due process in violation of § 1983 by denying their motion to vacate the judgment entered on September 10, 2014. (Doc. 46, ¶ 36). The hearing before Judge LeBlanc occurred on June 25, 2018, after the Fifth District Court of Appeal affirmed the lower court and denied the Plaintiffs' previous motion to vacate.[3] (*Id.* ¶¶ 34–35). There is no

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at 679. The mere pleading of legal conclusions or elements is insufficient to state a claim for which relief can be granted; plaintiffs must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Attachments to a complaint may be utilized in considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 10(c). *DiDomenico v. N.Y. Life Ins. Co.*, 837 F. Supp. 1203, 1205 (M.D. Fla. 1993).

[3] A little context is important. By the time Judge LeBlanc ruled on the Plaintiffs' second motion to vacate the foreclosure order, the Fifth District Court of Appeal had twice denied Plaintiffs'

dispute that Judge LeBlanc's ruling on Plaintiffs' second motion to vacate was a normal judicial function involving a controversy before the court. The Plaintiffs' attempt, albeit frivolously, to circumvent absolute judicial immunity by speculating that Judge LeBlanc "did not follow the law and deliberately disregarded" evidence the foreclosure attorneys had committed extrinsic fraud. (Doc. 46, p. 16). The Plaintiffs' argument is, to put it gently, specious. Judge LeBlanc dealt with the Plaintiffs in his judicial capacity, and the Plaintiffs dealt with Judge LeBlanc in his judicial capacity. As such, Judge LeBlanc enjoys absolute immunity. *See Hyland v. Kolhage*, 267 F. App'x 836, 840 (11th Cir. 2008). Even if one were to assume Judge LeBlanc's ruling was in error, was done maliciously, or exceeded his authority (which is not the case), he still enjoys absolute immunity from suit.

The Plaintiffs' allegations against Judges Orfinger, Cohen, Wallis, Munyon, Alvaro, and Falcone fare no better. As to Judges Orfinger, Cohen, and Wallis, the Plaintiffs contend this panel of the Fifth District Court of Appeal violated their due process rights by denying Plaintiffs' appeal from their second motion to vacate. (Doc. 46, ¶¶ 40–42). The Plaintiffs continue to press the argument, which was rejected at the trial and appellate levels, that the foreclosure judgment was a nullity. (*Id.*). Regardless, the issue before this Court is whether these judicial officers enjoyed absolute immunity when they affirmed Judge LeBlanc's denial of

---

appeal from various orders advancing the foreclosure sale. (Doc. 52, Exs. B, E, I). If ever a legal challenge had been fully litigated, it was this one.

Plaintiffs' second motion to vacate. The answer is simple: they did. The Judges were acting in their judicial capacity, and they enjoy absolute immunity.

The same is true of the panel's decision to issue an order to show cause why Plaintiffs should not be prohibited from filing any appeal, petition, pleading, or motion pertaining to the foreclosure judgment unless the paper is first reviewed and signed by a licensed attorney. (*Id.* ¶¶ 42–43). This is known as a vexatious litigant order and is commonly employed where a party is abusing the judicial process. While the Plaintiffs frame the issuance of the show cause order and the screening order as violating due process and access to the court, the issue is whether these judicial officers enjoy absolute immunity in entering these orders in the first instance. Again, the answer is simple: Judges Orfinger, Cohen, and Wallis were acting in their capacity as judicial officers when they directed the Plaintiffs to show cause why future pleadings should not be reviewed and signed by a licensed attorney and then when they ultimately imposed that requirement. Hence, they enjoy absolute immunity from suit.

Turning to Plaintiffs' § 1983 claim against Judge Munyon, they argue Judge Munyon violated their constitutional rights when she did not allow the Plaintiffs to again contest the foreclosure order following the unfavorable appellate decisions. (*Id.* ¶¶ 46–48). Judge Munyon relied on the Fifth District Court of Appeal's Opinions which (a) affirmed for the second time the foreclosure order, and (b) precluded the Plaintiffs from filing pleadings without a licensed attorney having reviewed and signed them in advance. (*Id.*). Both of the Orders from the

Court of Appeal bind Judge Munyon, and yet the Plaintiffs' incredibly argue the Judge should have ignored the rule of law, overlooked binding precedent, and allowed the Plaintiffs to continue their vendetta. (*Id.* ¶¶ 48–49). This is absurd. Judge Munyon was acting in her judicial capacity, and she enjoys absolute immunity from suit.

Finally, in February 2020 the Plaintiffs filed a new lawsuit in which they challenged the foreclosure order from 2014. (*Id.* ¶ 50). The defense moved to dismiss this lawsuit, and Judge Alvaro acting in his judicial capacity granted the motion and dismissed the complaint without prejudice. (*Id.* ¶ 51). The Plaintiffs added Andrea Tromberg and BONYM in the amended complaint, and BONYM and Shellpoint moved to dismiss. (*Id.* ¶¶ 52–53). Judge Alvaro granted the motion to dismiss the claims against BONYM and Shellpoint, which the Plaintiffs contend was in error. (*Id.* ¶ 53). The Fifth District affirmed. (*Id.* ¶ 54). As discussed, a Judge is not stripped of absolute immunity even assuming he or she acts in error.

Judge Falcone's involvement is limited to ruling on a Motion to Dismiss filed by Andrea Tromberg, which he granted due to the application of the litigation privilege and because the 2020 lawsuit was an impermissible collateral attack on the judgment of foreclosure. (*Id.* ¶ 56). The Plaintiffs appealed Judge Falcone's order to the Fifth District Court of Appeal, and the trial court's ruling was affirmed. Once again, it is clear Judge Falcone was acting within his judicial capacity when he ruled on the motion to dismiss. The Plaintiffs operate under the mistaken impression that an unfavorable ruling, even one entered in error or motivated by

11

malice, strips the judge of immunity. This is simply not the case, and the Plaintiffs could have easily discovered this with minimal research.

For these reasons, Judges LeBlanc, Orfinger, Cohen, Wallis, Munyon, Alvaro, and Falcone enjoy absolute immunity from suit, and Count III is dismissed with prejudice.[4]

### 4. *Count IV (§ 1983 Access to Courts)*

The Plaintiffs also alleged that Judges Orfinger, Cohen, Wallis, Alvaro, and Falcone violated § 1983 by denying them access to courts. (*Id.* ¶¶ 70–73). The Plaintiffs rely upon the allegations in paragraphs 40 through 45 and 50 through 59. As to Judges Orfinger, Cohen, and Wallis, the Plaintiffs assert the Fifth District Court of Appeal's show cause order and the subsequent ruling requiring future pleadings to be reviewed and signed by a licensed attorney violates their right to access to courts. As for Judges Alvaro and Falcone, the Plaintiffs assert their orders granting motions to dismiss the amended complaint in Case No. 2020-CA-1526 denied them access to courts.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth

---

[4] The Court need not expend much time on the Judicial Defendants qualified immunity argument. Qualified immunity protects governmental officials who perform discretionary functions from liability provided their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 335, 341 (1986). As discussed in connection with the Court's analysis of absolute immunity, the Judicial Defendants' actions were clearly undertaken in the performance of their duties and within the scope of their authority. *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988) (citations omitted).

Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)). Here, the Plaintiffs have failed to plead, nor are they capable of pleading, denial of access to the courts. As relates to Judges Orfinger, Cohen, and Wallis, a screening order imposed upon vexatious litigants—which the Plaintiffs most surely are—does not deny access to the court. It merely requires future legal pleadings to be reviewed and signed by a licensed attorney. To the extent a screening order imposes an additional burden on the Plaintiffs, this is a quandary of their own making. It is literally difficult to fathom litigants who have more boldly and profusely abused the judicial system than Plaintiffs Otero and Rodriguez. Courts have the right to manage their dockets, and this includes ordering vexatious litigants to be supervised by a licensed attorney to prevent future waste of limited judicial resources. More important, as discussed with Count III, Judges Orfinger, Cohen, and Wallis enjoy absolute immunity for their actions, and a lawsuit for the alleged violation of § 1983 is barred. The same is true for Judges Alvaro and Falcone whose orders granting motions to dismiss do not deny the Plaintiffs access to the courts. To hold otherwise would create a constitutional violation anytime a judge rules against a party. Judges Alvaro and Falcone are immune from suit since they were acting in their judicial capacity.

      For these reasons, Count IV is dismissed with prejudice.

### 5. *Count V (Intentional Infliction of Emotional Distress)*

The Plaintiffs allege that BONYM, Shellpoint, Andrea Tromberg, Tromberg Morris & Poulin PLLC, and Judges LeBlanc, Orfinger, Cohen, Wallis, Munyon, Alvaro, and Falcone are all liable for intentional infliction of emotional distress, citing paragraphs 20 through 59 of the amended complaint. (Doc. 46, ¶¶ 74–76). As a preliminary matter, a four-year statute of limitations applies to this claim. *King v. Bencie*, 806 F. App'x 873, 876 (11th Cir. 2020).

#### a. *BONYM, Shellpoint, Andrea Tromberg, & Law Firm (Statute of Limitations)*

BONYM, Shellpoint, Andrea Tromberg, and Tromberg Morris & Poulin PLLC obtained the foreclosure order on September 10, 2014.[5] (Doc. 52, ¶ 2, Ex. A). Every motion and appeal following the foreclosure judgment was initiated by the Plaintiffs and is predicated on the Plaintiffs' assertion that the foreclosure judgment was obtained by fraud. The alleged infliction of emotional harm, therefore, has its genesis in the Defendants' success in obtaining the foreclosure judgment. "In Florida, a cause of action accrues 'when the last element constituting the cause of action occurs.'" *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1329 (S.D. Fla. 2012) (quoting Fla. Stat. § 95.031(1)). There is an exception to this bright-line rule. The delayed discovery doctrine generally applies in cases involving fraud and extends the start date for the statute of limitations to when the plaintiff

---

[5] Construing the amended complaint liberally, the only factual allegations pertaining to BONYM, Shellpoint, Ms. Tromberg, and the Law Firm are found in paragraphs 20 through 33.

14

either knows or reasonably should know of the tortious act giving rise to the cause of action. *Id.* (citing *Patten v. Winderman*, 965 So. 2d 1222, 1224 (Fla. 4th DCA 2007)). Even if one were to use the date the Plaintiffs sued for "legal malpractice and breach of fiduciary duty" as the operative date, the statute of limitations began running on September 8, 2016. (Doc. 46, ¶ 21). The complaint was not filed until January 25, 2021, over four years after the last element constituting the cause of action accrued, and this claim is precluded by the statute of limitations.[6]

As for the Judicial Defendants, the amended complaint fails to allege a cognizable cause of action. Under Florida law, a claim for intentional infliction of emotional distress requires the Plaintiffs to plead the following: (1) the Defendants conduct was intentional or reckless; (2) the conduct was outrageous, meaning it goes beyond all bounds of decency; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012). Setting aside absolute judicial immunity and qualified immunity, both of which apply to the Judicial Defendants for the reasons

---

[6]  Moreover, the Plaintiffs fail to state a cause of action. Obtaining a judgment of foreclosure which is affirmed on appeal at least twice does not rise to the level of intentional, or reckless, conduct that was so outrageous as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community, nor have the Plaintiffs adequately pled severe emotional distress. *See Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th DCA 1993).

Finally, as to Andrea Tromberg and Tromberg Morris & Poulin PLLC, Florida's litigation privilege affords them absolute immunity for acts occurring during judicial proceedings as was the case here. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1274 (11th Cir. 2004). The Plaintiffs' remedy was direct appeal, which they availed themselves of repeatedly. *Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273, 1280 (S.D. Fla. 2008). Suit is barred as to these Defendants under the litigation privilege, as well as the statute of limitations.

15

articulated *supra*, the amended complaint does not allege conduct that "was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* At best, the Plaintiffs allege the Judicial Defendants erred in denying Plaintiffs' motion to vacate the foreclosure judgment and/or in affirming on appeal adverse decisions regarding the foreclosure. Such actions fall within the heartland of judicial conduct and clearly are not "outrageous." Case in point: the actions undertaken by the Judicial Defendants are protected by absolute judicial immunity and qualified immunity. Such conduct cannot be both protected judicial conduct and outrageous. There are simply no conceivable circumstances under which the Plaintiffs can replead to state a cognizable cause of action.[7]

For these reasons, Count V is dismissed with prejudice.

## III. CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. The Motion to Dismiss Amended Complaint by Andrea Tromberg and Tromberg Morris & Poulin PLLC (Doc. 51) is **GRANTED**;

2. The Motion to Dismiss Amended Complaint by the Bank of New York Mellon ("**BONYM**") and NewRez LLC, d/b/a Shellpoint Mortgage Servicing ("**Shellpoint**") (Doc. 52) is **GRANTED**;

---

[7] The Court also notes the Plaintiffs failed to comply with Florida Statute § 768.28(6) because they did not serve written pre-suit notice on the Florida Department of Financial Services and on the responsible agency. *See Levine v. Dade Cty. Sch. Bd.*, 442 So. 2d 201, 213 (Fla. 1983).

16

3. The Motion to Dismiss by Judicial Defendants (Doc. 66) is **GRANTED**;

4. The Amended Complaint (Doc. 46) is **DISMISSED WITH PREJUDICE**;

5. The Court will reserve jurisdiction to entertain motions by the Defendants for an award of reasonable attorney's fees;[8] and

6. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on January 27, 2023.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[8] The Court finds there was a complete absence of a justiciable issue of either law or fact raised by the Plaintiffs in the amended complaint. Accordingly, the Court is exercising its discretion to award reasonable attorney's fees in favor of the Defendants and against the Plaintiffs. *See McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001). The Plaintiffs have engaged in an extensive and intentional pattern of bad-faith litigation. They have been undeterred by judicial rulings, and such outrageous and abusive litigation tactics are not tolerated in federal court. Should the Defendants seek an award of attorney's fees, the motion and accompanying support shall be filed within ten (10) days of this Order.